UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for AmTrust
Bank,

                              Plaintiff,

                           -against-

THE MORTGAGE ZONE, INC., JOAM LLC,
85 PULASKI STREET CORP., TWELVE 21
MANAGEMENT CORP., THREE 13
DEVELOPMENT CORP., 28 ROCHESTER
AVE. CORP., ADEOLU ADENIJI, SHARON
FRIDAY, DEAN A. RESKAKIS, ANDY
ARTEMIOU, RODNEY JORDAN, SIDNEY
HOYLE, BIG CAPITOL, INC., KENRICK
CAESAR, NICOLA A. HURRY, ROBERT
JONES, TOI CORDY, WILLIAM GREEN,
SHAKIRA J. COPENNY, WAYNE RAMJIT,
OLUWOLE ADEBOWALE, TROYDEN
SARGEANT, ICON TITLE AGENCY LLC,
COMMONWEALTH LAND TITLE
INSURANCE COMPANY and XYZ ENTITY
(a fictional name),

                              Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**08-CV-3369 (TCP)**

PLATT, District Judge.

        Before the Court is defendant Icon Title Agency's ("Icon") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim which is opposed by plaintiff Federal Deposit Insurance Corporation ("FDIC").[1] Defendant Dean A. Reskakis ("Reskakis") also opposes defendant Icon's motion to dismiss and submits an affirmation in opposition. Defendant Icon's motion to dismiss

---

1. AmTrust Bank was the original plaintiff in this action. The Federal Deposit Insurance Corporation was substituted as receiver for AmTrust January 27, 2010. To the extent the facts herein demonstrate that AmTrust was the party involved in the transactions at issue, its name will be used.

is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

**A.     Facts**

Plaintiff's complaint alleges that defendants defrauded AmTrust in connection with making nineteen (19) first and second mortgage loans identified in the complaint. With respect to defendant Icon, the complaint alleges that Icon is a New York limited liability company with its principal place of business located at 139 Fulton Street, New York, New York.

Plaintiff's complaint alleges that Icon, as purported agent for title company defendant Commonwealth, was responsible for recording mortgages and deeds and for obtaining title insurance policies on behalf of AmTrust in connection with various real estate transactions funded by AmTrust. Plaintiff alleges that it funded mortgage loans for fourteen (14) properties, the majority of which are located in Brooklyn, New York with one property located in Manhattan, New York, by disbursing money to its closing agent and attorney, defendant Reskakis. The complaint also alleges that Reskakis failed to follow the closing instructions in connection with the mortgages and failed to timely record, or cause to be recorded, the mortgages; failed to record the deed reflecting the purchases; failed to pay off existing liens so AmTrust could obtain priority liens; failed to prepare accurate HUD-1 Settlement Statements; failed to distribute funds in accordance with the HUD-1 Settlement Statements; and failed to account for the funds sent to him by AmTrust.

With respect to defendant Icon, plaintiff's complaint alleges that it was the agent for defendant title company Commonwealth and that, upon information and belief, an agent or employee of Icon attended the closings for the subject properties. Plaintiff contends that Icon failed to timely and properly record the mortgages in favor of AmTrust and failed to record the deeds to reflect the property purchases. In addition, while Icon issued title commitments to AmTrust, it failed to take the necessary actions to ensure that title insurance policies were issued.

**B.     Defendant Icon's Motion to Dismiss**

Defendant Icon moves to dismiss AmTrust's claims against it. Plaintiff's eighteenth claim, for breach of fiduciary duty, alleges that Icon issued title commitments on certain properties located in Brooklyn, New York, to wit: 16 Monaco Place, 185 Schaefer Street, 400 Linwood Street, 726 Madison Avenue, 1306 Myrtle Avenue, 1668 Dean Street and 28 Rochester Avenue. Compl. ¶ 582. Defendant Icon was also the agent for defendant title company Commonwealth for the property located at 88 Marion Street, but failed to issue a title commitment for that property. *Id.* at ¶ 584.

Plaintiff's complaint contends that by issuing title commitments, Icon represented to plaintiff that it would obtain title insurance policies from Commonwealth with respect to those properties and intended and knew that AmTrust would rely upon Icon's representations; thus, plaintiff alleges that Icon became its fiduciary. *Id.* at ¶ 583. Defendant's failure to obtain title insurance for

those properties caused it to be uninsured on the fraudulently obtained mortgage loans issued by plaintiff. *Id.* at ¶ 586. In addition, AmTrust alleges that Icon, through its representatives, attended the closings for the loans and undertook the duty to record, or to cause to be recorded, the mortgages and deeds relating to the properties. *Id.* at 587.

The complaint further alleges that Icon failed to record, or cause to be recorded, the mortgage securing AmTrust's loan with respect to the following properties located in Brooklyn: 16 Monaco Place, 28 Rochester Avenue, 88 Marion Street, 185 Schaefer Street, 729 Madison Avenue,[2] 1306 Myrtle Avenue, 1668 Dean Street and 2050 Pacific Street. *Id.* at ¶ 588. In addition, Icon failed to record, or cause to be recorded, the deeds reflecting the transfers of the following properties for which AmTrust issued mortgage loans: 16 Monaco Place, 28 Rochester Avenue, 88 Marion Street, 729 Madison Avenue, 1306 Myrtle Avenue, 1668 Dean Street, 2050 Pacific Street and 400 Linwood Street. *Id.* at ¶ 589. Accordingly, plaintiff alleges that defendant's failures to obtain title insurance policies, to record or cause to be recorded, mortgages, and to record, or cause to be recorded, property deeds, are breaches of Icon's fiduciary duties to AmTrust. *Id.* at ¶ 590.

As a nineteenth claim, plaintiff contends that Icon's conduct was negligent because it issued title commitments for certain properties, to wit:16

---

2. The HUD Statement attached to defendant Reskakis' affirmation in opposition to Icon's motion identify this address as 726 Madison Avenue. For the purpose of this motion, the Court will presume that the complaint refers to the property identified in the HUD statement.

Monaco Place, 185 Schaefer Street, 400 Linwood Street, 726 Madison Avenue, 1306 Myrtle Avenue, 1668 Dean Street and 28 Rochester Avenue, thereby representing to plaintiff that it would obtain title insurance policies in connection with the loans for these properties. *Id.* at ¶¶ 594, 595. In addition, Icon, as agent for title company Commonwealth, failed to issue a title commitment in connection with a loan for the property located at 88 Marion Street. *Id.* at ¶ 596. Icon failed to obtain title insurance policies on the listed properties which damaged AmTrust and caused it to be uninsured on the fraudulently obtained mortgage loans. *Id.* at ¶ 598.

Furthermore, AmTrust contends defendant attended the closings for the named properties and undertook the duty to record, or cause to be recorded, the mortgages and deeds relating to the identified properties. *Id.* at ¶ 599. Icon, however, failed to record, or cause to be recorded, AmTrust's mortgage loans with respect to the following properties: 16 Monaco Place, 28 Rochester Avenue, 88 Marion Street, 729 Madison Avenue, 1306 Myrtle Avenue, 1668 Dean Street, 2050 Pacific Street and 185 Schaefer Street. *Id.* at ¶ 600. Likewise, defendant also failed to record, or cause to be recorded, the deeds reflecting the transfers to the following properties: 16 Monaco Place, 28 Rochester Avenue, 88 Marion Street, 729 Madison Avenue, 1306 Myrtle Avenue, 1668 Dean Street, 2050 Pacific Street and 400 Linwood Street. *Id.* at ¶ 601. Icon's failures to obtain title insurance policies, record, or cause to be recorded, the mortgages as well as its failure to record, or cause to be recorded, the deeds amount to negligent breaches of its duty which caused AmTrust to be damaged.

*Id.* at ¶ 602.

As a twentieth claim, AmTrust seeks an accounting from Icon with respect to the aforesaid properties based on its disbursement of loans in reliance on its agency relationship with Icon. *Id.* at ¶¶ 606, 608.

## II.  DISCUSSION

Defendant Icon's motion for judgment on plaintiff's eighteenth, nineteenth and twentieth claims against it is hereby granted in part and denied in part.  Defendant's motion is granted as to plaintiff's claim for breach of fiduciary duty and denied as to plaintiff's claim that Icon was negligent in its duty as title agent by failing to record the deeds and mortgages for certain properties named in the complaint.  Plaintiff's request for an accounting is also denied because the Court finds that Icon did not breach its fiduciary duty to plaintiff.

### A.    Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move for both partial and complete dismissal of a complaint if it fails "to state a claim upon which relief can be granted."[3]  When considering a motion to dismiss a complaint for failure to state a claim, the court must assume as true all allegations contained in the complaint.  *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).  However, it is "well settled that conclusory allegations merely

---

3. As plaintiff notes, defendant Icon filed its motion to dismiss pursuant to Rule 12(b)(6) after it filed an answer to plaintiff's complaint.  A motion to dismiss which is filed after a defendant has answered should be construed as a motion for judgment on the pleadings.  *See* Federal Rule of Civil Procedure 12(c) ("After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings.").  As set forth, *infra*, the legal standard for a motion to dismiss brought pursuant to Rule 12(b)(6) is the same as one brought pursuant to 12(c).

stating general legal conclusions necessary to prevail on the merits of a claim, unsupported by factual averments will not be accepted as true." *ECOR Solutions, Inc. v. Malcolm Pirnie, Inc.,* No. 02-CV-1103, 2005 WL 1843253, at *3 (N.D.N.Y. July 29, 2005). The Supreme Court has held that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On Rule 12(b)(6) motions, the court must assess the legal feasibility of the complaint and whether a plaintiff has pled claims for which he or she is entitled to discovery. *Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir. 2000); *Chance*, 143 F.3d at 701.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), the Supreme Court held that courts should entertain a motion to dismiss by following a two-pronged approach:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Furthermore, the "plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 570). Thus, to "survive a motion to

dismiss, the complaint must set out only enough facts to state a claim to relief that is plausible on its face." *Hollander v. Copacabana Nightclub*, No. 08-CV-5547, 2010 WL 3419954, at *1 (2d Cir. Sept. 01, 2010) (citing *Iqbal*, 129 S. Ct. at 1949).

In deciding a motion brought pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, the Court applies "the same standard as that applicable to a motion under rule 12(b)(6)." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (citing *Ad-Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987)).

**B.** **Plaintiff's Breach of Fiduciary Duty Claim**

It is "well settled 'that insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so.'" *Arthur Glick Truck Sales, Inc. v. Spadaccia Ryan Haas, Inc.*, 736 N.Y.S.2d 491, 493 (N.Y. App. Div. 2002 (quoting *Murphy v. Kuhn*, 682 N.E.2d 972, 974 (N.Y. 1997)). "Where an agent agrees to obtain coverage but 'fails to do so and neglects to give reasonable notice that such insurance has not been obtained, the agent becomes personally liable.'" *Id.* (quoting *Humphrey & Vandervoort v. C-Kitchens, Inc.*, 604 N.Y.S.2d 415, 416 (N.Y. App. Div. 1993)). "[T]hat liability may be based either upon a breach of contract or a tort." *C-Kitchens, Inc.*, 604 N.Y.S.2d at 416.

With regard to agency, the law is well settled that, "unless obtained

confidentially, 'knowledge acquired by an agent acting within the scope of his [or her] agency is imputed to his [or her] principal and the latter is bound by such knowledge.'" *Bauer v. CS-Graces LLC*, 852 N.Y.S.2d 416, 418-19 (N.Y. App. Div. 2008) (quoting *Skiff-Murray v. Murphy*, 793 N.Y.S.2d 243, 246 (N.Y. App. Div. 2005)). The concept of imputed knowledge stands whether or not the information is actually communicated to the principal by the agent. *Farr v. Newman*, 199 N.E.2d 369, 371 (N.Y. 1964) ("It is well-settled that the principal is bound by notice to or knowledge of his agent in all matters within the scope of his agency although in fact the information may never actually have been communicated to the principal.") (citations omitted); *see Center v. Hampton Affiliates, Inc.*, 488 N.E.2d 828, 829 (N.Y. 1985) ("The general rule is that knowledge acquired by an agent acting within the scope of his agency is imputed to his principal and the latter is bound by such knowledge although the information is never actually communicated to it.").

Agency law provides for an adverse interest exception which applies when an agent operates based on interests adverse to the principal. "This exception provides that when an agent is engaged in a scheme to defraud his principal, either for his own benefit or that of a third person, the presumption that knowledge held by the agent was disclosed to the principal fails because he cannot be presumed to have disclosed that which would expose and defeat his fraudulent purpose." *Id.*

It is also well settled that an agent may delegate ministerial tasks,

such as recording a deed, to a "subagent." *National Bank of Sussex County v. Betar*, 615 N.Y.S.2d 523, 524 (N.Y. App. Div. 1994). "A subagent is a person 'appointed by an agent *empowered to do so,* to perform functions undertaken by the agent for the principal, but for whose conduct the agent agrees with the principal to be primarily responsible.' " *Pope v. Rice*, No. 04-CV-4171, 2005 WL 613085, at *8 (S.D.N.Y. Mar. 14, 2005) (quoting *Manley v. AmBase Corp.*, 121 F.Supp.2d 758, 772 (S.D.N.Y. 2000)). "Ordinarily, a subagent owes to the principal the same fiduciary duties as the agent owes to the principal." *Id.*

### 1. Failure to Obtain Title Insurance

To prevail on a breach of fiduciary claim, a plaintiff must demonstrate that a "fiduciary relationship existed between the parties and that the duty was breached." *Golden Gate Yacht Club v. Societe Nautique De Geneve*, No. 07-CV-602446, 2007 WL 4624020, at *10 (N.Y. Sup. Ct. Nov. 27, 2007). Plaintiff's complaint alleges that defendant Icon issued title commitments for certain properties, to wit:16 Monaco Place, 185 Schaefer Street, 400 Linwood Street, 726 Madison Avenue, 1306 Myrtle Avenue, 1668 Dean Street and 28 Rochester Avenue, but failed to obtain policies of title insurance on said properties. Thus, plaintiff alleges, Icon breached its fiduciary duty to plaintiff.

In its answer,[4] however, Icon submitted the text from an agreement between itself and defendants Reskakis, Friday and Adeniji which provides as

---

4. When deciding a motion for judgment on the pleadings, a court may consider factual allegations in both the complaint and the answer. *Spencer v. United Parcel Serv.*, No. 03-CV-0574, 2004 WL 362599 (S.D.N.Y. Feb, 7, 2004).

follows:

> The following constitutes an acknowledgment and an undertaking with regard to several transactions listed below.
>
> > 1306 Myrtle Avenue
> > 400 Linwood Street
> > 185 Schaeffer Street
> > 16 Monaco Place
> > 726 Madison Avenue
> > 144 West 29th Street
> > 1727 93rd Street
> > 2050 Pacific Street
> > 1668 Dean Street
> > 546 Lexington Avenue
>
> The undersigned hereby represent without any reservation that as attorney for Purchasers and Sellers in the above-described transactions they are in possession of escrow funds to satisfy any and all outstanding title issues related thereto. Including but not limited to sufficient funds to satisfy any necessary mortgage payoffs related to the above described transactions. We further represent that all of the above described title issues will be fully resolved no later than February 28, 2008 to full satisfaction of Icon Title Agency, LLC and its underwriter.
>
> The undersigned hereby further agree to hold Jan Kiderman, Icon Title Agency, LLC and its underwriter wholly harmless and shall fully indemnify these parties in the event of any claim or action related thereto.

As set forth in plaintiff's complaint, Reskakis was the agent for the disclosed principal, AmTrust, and served as AmTrust's attorney and closing agent for each of the subject loans alleged in the complaint. By the text of the agreement set forth above, Icon must have had some discussions with Reskakis, Friday and/or Adeniji with respect to clear title for said properties. Even accepting as true plaintiff's claim that Icon issued title commitments for the

subject properties, it was relieved of its obligation to provide title insurance by virtue of advising plaintiff's agent, Reskakis, that those properties were encumbered in some fashion. In addition, the validity of this document, which was contained in defendant's answer, has not been disputed by AmTrust. Rather, AmTrust relies on this document for the proposition that Icon knew there were title problems that were the cause of AmTrust's damages. Plt. Opp. at p. 3. It was not, however, up to Icon to remedy any problems with the title to any of the properties. Furthermore, plaintiff has not cited to, and the Court has not found, any cases where a subagent was required to communicate directly with its agent's principal. That duty fell to AmTrust's chosen agent, Reskakis, who, in fact, agreed to hold Icon harmless for any claims related to title issues for the subject properties. Additionally, there is no allegation that, at the time of closing, any encumbrances or liens had been addressed to the satisfaction of Icon.

Moreover, an agent's knowledge is imputed to the principal unless the agent's acts fall outside of the scope of his agency. Reskakis was plaintiff's agent for the purpose of closing the loans funded by plaintiff. Ensuring clear title and that encumbrances will be addressed prior to a closing surely falls within the permissible scope of Reskakis' agency. Thus, when Icon advised Reskakis with regard to encumbrances or liens on the properties, that knowledge is imputed to AmTrust. Accordingly, plaintiff may not now be heard to complain that Icon failed to issue title insurance on properties that it, as a matter of law, knew were uninsurable.

With regard to agency's adverse interest exception, *i.e.*, that knowledge which would defeat an agent's fraudulent purpose is presumed not to have been disclosed to the principal, that exception may apply as between plaintiff and Reskakis, but does not apply to defendant Icon. Icon advised Reskakis, in his capacity as the closing attorney and agent for AmTrust, that there were problems with the title as demonstrated by the indemnification agreement between Icon and Reskakis, Friday and Adeniji. Accordingly, based on the complaint and Reskakis' indemnification agreement with Icon, there is no subagent breach of fiduciary duty because Icon satisfied its duties as a fiduciary by advising the principal's agent with respect to the problems with the subject properties' titles. Icon was therefore relieved from obtaining title insurance based on its role as plaintiff's fiduciary.

With regard to plaintiff's claim that Icon breached its fiduciary duty by failing to issue a title commitment for the property located at 88 Marion Street, neither party makes any arguments as to its sufficiency. In any event, a title commitment is a promise to issue title insurance which protects an insured when there are undiscovered liens or encumbrances on real property. If Icon, through defendant Commonwealth, failed to issue a title commitment in the first instance, plaintiff may not be said to have reasonably relied upon a commitment for Icon to issue title insurance in the future. Whether or not plaintiff's agent Reskakis is liable for Icon's alleged failure to issue a title commitment and whether defendant Commonwealth has any liability, remains to be seen. At this juncture, however, the complaint does not state a breach of fiduciary claim against

Icon for failure to issue a title commitment. Icon's motion for judgment on the pleadings as to plaintiff's claim for breach of fiduciary duty by failure to issue a title commitment or title insurance is, therefore, granted.

### 2. Failure to Record AmTrust's Mortgages and Deeds

Plaintiff also complains that Icon breached its fiduciary duty by failing to record the mortgages and deeds connected to its loans and, as a result, those properties were not in the chain of title which left plaintiff with no priority for repayment. In light of the Court's holding that Icon did not breach its fiduciary duty by not issuing title insurance on the properties, it would be inconsistent to hold that Icon breached its duty by failing to record the mortgages and deeds which would have been covered by the same title insurance. Indeed, Icon would have subjected itself to the very same liability it sought to avoid, by advising Reskakis of the encumbrances, if it recorded the allegedly compromised deeds and associated mortgages. Therefore, Icon's motion for judgment on the pleadings on plaintiff's claim that it breached its fiduciary duty by failing to record the deeds and mortgages is hereby granted.

### C. Plaintiff's Negligence Claim Against Icon

To establish a negligence claim pursuant to New York law, a plaintiff must establish: "the existence of a duty, a breach of that duty, and that such breach was a proximate cause of the events which produced the injury." *Lapidus v. State*, 866 N.Y.S.2d 711, 719 (N.Y. App. Div. 2008) (citing *Pulka v. Edelman*, 358 N.E.2d 1019, 1020 (N.Y. 1976); *Pironti v. Leary*, 840 N.Y.S.2d

98, 100 (N.Y. App. Div. 2007); *Coral v. New York State*, 814 N.Y.S.2d 527, 527 (N.Y. App. Div. 2006); *Vetrone v. Ha Di Corp.*, 803 N.Y.S.2d 156, 159 (N.Y. App. Div. 2005)). "Evidence establishing that a defendant's negligence was the proximate cause of the harm alleged is essential to proving liability, *Sheehan v. City of New York*, 354 N.E.2d 832, 834 (N.Y. 1976); without it a defendant can not be held liable, *Lee v. New York City Hous. Auth.*, 803 N.Y.S.2d 538, 542 (2005)." *Cosmos, Queens Ltd. v. Matthias Saechang Im Agency*, 904 N.Y.S.2d 386, 389 (N.Y. App. Div. 2010). *See Lynn v. Lynn*, 628 N.Y.S.2d 667, 668 (N.Y. App. Div. 1995) ("To meet her burden of proving a prima facie case, the plaintiff must show that decedent's negligence was 'a substantial cause of the events which produced the injury.' ") (quoting *Derdiarian v. Felix Contr. Co.*, 414 N.E.2d 666, 670 (N.Y. 1980)).

### 1. Failure to Obtain Title Insurance

Plaintiff alleges that Icon was negligent in failing to obtain title insurance for the subject properties. It also alleges that Icon was negligent in failing to issue a title commitment with respect to the real property located at 88 Marion Street. Defendant Icon argues that, as a matter of law, the alleged breach of its duty to obtain title insurance was not the proximate cause of AmTrust's alleged loss. The Court agrees.

Pursuant to New York's Insurance Law § 1113(a)(18):

> "Title insurance," means insuring owners of, and other persons lawfully interested in, real property and chattels

> real against loss by reason of defective titles and encumbrances and insuring the correctness of searches for all instruments, liens or charges affecting the title to such property . . . ."

(McKinney 2010). Thus, a title insurance policy is a "contract by which a title insurer agrees to indemnify its insured for loss occasioned by a defect in title," *L. Smirlock Realty Corp. v. Title Guarantee Co.*, 418 N.E.2d 650, 653 (N.Y. 1981), and "insures owners of real property against loss by reason of defective titles and encumbrances thereon." *Schneider v. Commonwealth Land Title Insurance Co.*, 844 N.Y.S.2d 657, 660 (N.Y. Sup. Ct. 2007). *See First Nat. Bank & Trust Co. of Port Chester v. New York Title*, 12 N.Y.S.2d 703, 710 (N.Y. Sup. Ct. 1939) ("The quality of a title is a matter of opinion, as to which even men learned in the law of real estate may differ. A policy of title insurance means the opinion of the company which issues it, as to the validity of the title, backed by an agreement to make that opinion good, in case it should prove to be mistaken, and loss should result in consequence to the insured.").

By its plain language then, New York's definition of title insurance protects the insured against encumbrances and defects in title existing at the time of purchase. Title insurance is not, therefore, forward looking.

In order to survive defendant's motion for judgment, plaintiff must establish a prima facie case of negligence, including proximate cause. Accepting as true plaintiff's claim that Icon was negligent in procuring title insurance, plaintiff's claim must fail because even if Icon had obtained title insurance, it

would not have protected plaintiff's interests because the complaint alleges that the properties were sold subsequent to plaintiff issuing the loans to Reskakis for distribution to its approved buyers. Thus, by its terms, the existence of title insurance would not have protected plaintiff against subsequent defects in title, including being left out of the chain of title altogether. Consequently, plaintiff is unable to prove that Icon's failure to issue title insurance was a proximate cause of its damages and Icon must be granted judgment on the pleadings as to this claim.

2. **Icon's Failure to Record AmTrust's Deeds and Mortgages**

For the same reason that Icon's motion was granted on its alleged negligence in obtaining title insurance, it is on the hook for failure to record plaintiff's deeds and mortgages. Plaintiff's complaint alleges that Icon was the title company present at the properties' closings and, according to the HUD statements, was identified in the "Title Charges" and "Government Recording and Transfer Charges" sections of the statements pertinent to Icon and plaintiff.[5] Aff. Rogers, Exh. A. Assuming that Icon had the duty[6] to record plaintiff's mortgages and deeds, plaintiff would have been in the chain of title had Icon fulfilled its

---

5. Icon argues that the HUD statements related to the properties at issue herein are incomplete and should be disregarded. For the purposes of this motion and taking as true plaintiff's allegations that Icon attended the closings and was responsible for recording the deeds and mortgages, the statements are deemed adequate.

6. No evidence was presented to establish that Icon was in fact compensated or given the funds to record plaintiff's deeds and mortgages. At this stage of the proceedings and accepting plaintiff's allegations as true, AmTrust is entitled to prove that Icon was charged with recording plaintiff's deeds and mortgages and negligently failed to do so.

obligation to record the deeds and associated mortgages. Subsequent buyers, then, would have had notice of AmTrust's interest and those interests would have been protected by the recording. Furthermore, recording of the deeds and mortgages would have given AmTrust some sort of priority potentially allowing it to bring foreclosure proceedings. Consequently, Icon's alleged breach of its duty to record the mortgages and deeds for the subject properties was a proximate cause of plaintiff's damages. Defendant's motion for judgment on the pleadings on plaintiff's claim that Icon negligently failed to record the deeds and mortgages associated with the subject properties is hereby denied.

### D. AmTrust's Request for an Accounting from Icon

"The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest." *Palazzo v. Palazzo*, 503 N.Y.S.2d 381, 384 (N.Y. App. Div. 1986). *See Darlagiannis v. Darlagiannis*, 369 N.Y.S.2d 475, 476 (N.Y. App. Div. 1975) ("In order to establish a cause of action in equity for an accounting, a fiduciary or agency relationship must be established.") (citing *Schantz v. Oakman*, 57 N.E. 288, 290 (N.Y. 1900)).

Having determined that defendant Icon did not breach its fiduciary duty, plaintiff is not entitled to an accounting. Moreover, the complaint contains no allegations that Icon converted or misappropriated the mortgage funds sent to plaintiff's agent Reskakis' escrow account. Rather, any funds diverted to Icon

seemingly originated from Reskakis during the closings, as reflected by the HUD statements. Discovery in this matter will presumably reveal the sums, if any, given to Icon and Icon will account for those funds at that time. For these reasons, plaintiff's request for an accounting from Icon is hereby denied.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings as to plaintiff's breach of fiduciary duty claim is hereby **GRANTED**. Defendant's motion for judgment as to plaintiff's negligence claim is **GRANTED** as to Icon's alleged negligence in failing to obtain title insurance based on a lack of proximate cause and **DENIED** as to plaintiff's claim that defendant was negligent in failing to record the deeds and mortgages associated with the subject properties. Plaintiff's request for an accounting is hereby **DENIED**.

**SO ORDERED**.

Dated: October 12, 2010
      Central Islip, New York

/s/
Thomas C. Platt, U.S.D.J.